Martinez-Abzun v. Garland

BIA
Conroy, IJ
A206 030 894

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of May, two thousand twenty-four.

PRESENT:
>        ROBERT D. SACK,
>        WILLIAM J. NARDINI,
>        MARIA ARAÚJO KAHN,
>            *Circuit Judges.*

_____

FERDY MIGUEL MARTINEZ-ABZUN,
   *Petitioner*,

   v.                                                     22-6308
                                                          NAC
MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
   *Respondent.*

_____

FOR PETITIONER:       Karin Anderson Ponzer, Neighbors Link Community Law Practice, Ossining, NY.

**FOR RESPONDENT:**     Brian Boynton, Principal Deputy Assistant Attorney General; Nancy Friedman, Justin R. Markel, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ferdy Miguel Martinez-Abzun, a native and citizen of Guatemala, seeks review of a May 31, 2022, decision of the BIA affirming a February 19, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ferdy Miguel Martinez-Abzun*, No. A 206 030 894 (B.I.A. May 31, 2022), *aff'g* No. A 206 030 894 (Immig. Ct. N.Y. City Feb. 19, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as modified by the BIA, i.e., without the adverse credibility determination or one-year bar finding that the BIA declined to rely on. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard and questions of law de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir.

2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Substantial evidence supports the agency's conclusions that Martinez-Abzun failed to establish either that gang members had persecuted or would persecute him on account of his family membership or that the Guatemalan authorities would acquiesce to his torture by gangs.

**I.      Asylum and Withholding of Removal**.

An applicant for asylum and withholding of removal must establish past persecution or a well-founded fear or "clear probability" of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), (B)(i); 8 C.F.R. § 1208.16(b). For either form of relief, the applicant must show that a protected ground "was or will be at least one central reason for" the persecution. *Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022). "In cases where there is more than one motive for mistreatment (also known as mixed-motive cases), . . . an applicant's status as a member of a particular social group . . . must be at least one of the central reasons, rather than a minor reason, for why that individual is being targeted." *Id.* Accordingly, "the fact that a persecutor targets a family member

3

simply as a means to an end is not, by itself, sufficient to establish a claim." *Id.* Rather, an "applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's" protected characteristic. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005); *see also Paloka v. Holder*, 762 F.3d 191, 196–97 (2d Cir. 2014) ("Whether the requisite nexus exists depends on the views and motives of the persecutor." (internal quotation marks omitted)).

Substantial evidence supports the BIA's conclusion that Martinez-Abzun failed to show that his membership in his family was a central reason he was targeted by gangs. The record reflects that several members of Martinez-Abzun's family were killed by MS-13, and that Martinez-Abzun was repeatedly beaten and robbed. But the record does not establish that MS-13 was targeting members of Martinez-Abzun's family because of animosity towards the family. His application and testimony reflect that the gang attempted to rob and recruit him. In other words, his application and testimony support the proposition that the gang had ordinary criminal motives and was not motivated by his family membership. *See Garcia-Aranda*, 53 F.4th at 758; *see also Quituizaca v. Garland*, 52 F.4th 103, 115 (2d Cir. 2022) (concluding that "evidence established the greater

4

probability that the gang was motivated to harm [petitioner] based on incentives presented to ordinary criminals rather than persecution" (internal quotation marks and ellipsis omitted)).

Nor did he demonstrate that his brothers were targeted because of animosity towards the family. The gang successfully pressured his brother Selvin to join the gang, and, although Martinez-Abzun alleged that the gang retaliated and killed Selvin because Martinez-Abzun fled to the United States, the police report states that Selvin was murdered in revenge for an earlier dispute not involving the petitioner. His brother Darwin was accused of murder, and Darwin and his brother Eber were later murdered; but the evidence does not show they were killed by MS-13—a prosecutor's report does not say why they were killed, and a news report states that the killers are unknown. And his assertion that his brother Jaime, who disappeared in 2015, was killed by the gang was speculative. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best.").

Finally, the country conditions evidence does not support a claim that MS-13 is targeting him and his brothers because of animosity towards his family. The

reports discuss overall crime and gang violence in Guatemala. Martinez-Abzun also attaches news reports of gang violence; although several articles emphasize that gangs target children, they do not support a claim that gang members harbor animosity towards his family.

In sum, given the lack of evidence that gang members targeted him for reasons other than general criminal motives, substantial evidence supports the agency's conclusion that Martinez-Abzun failed to establish a nexus to a protected ground as required for asylum and withholding of removal. *See Garcia-Aranda*, 53 F.4th at 758.

**II.    CAT**

There is no nexus requirement for a CAT claim. Instead, an applicant for CAT relief "bears the burden of proving the likelihood of future torture by or with the acquiescence of government officials." *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021) (citing 8 C.F.R. § 1208.16(c)(2)). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person." 8 C.F.R. § 1208.18(a)(1). "In assessing whether it is more likely than not that an applicant would be tortured" the agency "shall" consider "all evidence relevant to the possibility of future torture . . . including . . .

6

"[e]vidence of past torture inflicted upon the applicant," ability to relocate within the country, "[e]vidence of gross, flagrant or mass violations of human rights within the country of removal," and "[o]ther relevant information regarding conditions in the country of removal." *Id.* § 1208.16(c)(3).

"Acquiescence 'requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity.'" *Quintanilla-Mejia*, 3 F.4th at 592 (quoting 8 C.F.R. § 1208.18(a)(7)); *Pierre v. Gonzales*, 502 F.3d 109, 118 (2d Cir. 2007) ("A *private* actor's behavior can constitute torture under the CAT without a government's specific intent to inflict it if a government official is aware of the persecutor's conduct and intent and acquiesces in violation of the official's duty to intervene.").

The agency reasonably concluded that the record lacked sufficient evidence that the police would acquiesce to Martinez-Abzun's torture. His belief that the police failed to investigate crimes against his family is speculative as he relies on general country conditions evidence, not particularized evidence that the crimes were not investigated. *See Jian Xing Huang*, 421 F.3d at 129. He did not report his assaults to the police. And the country conditions evidence reflects pervasive

7

gang violence, police corruption and collusion with gangs, but also that the Guatemalan authorities are attempting to combat corruption and gang violence. Absent past reports to the police and given evidence of both corruption and efforts to combat it, the record does not compel a conclusion contrary to the agency's. *See Quintanilla-Mejia*, 3 F.4th at 592 (an applicant "cannot secure CAT relief by pointing to conflicting evidence that might support—but not compel—a different conclusion"). And while record evidence shows a high level of criminality and that the police have difficulty maintaining safety due to a lack of resources, a CAT claimant must show more than criminal activity, he must show "that someone in his particular alleged circumstances is more likely than not to be tortured." *Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 160 (2d Cir. 2005) (emphasis omitted).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8